## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EPF GROWTH FUND, LLC,

    *Plaintiff,*

    v.

GOSHEN+CORNERSTONE LLC., *et al.,*

    *Defendants*

Case No. 25-3809-ABA

## MEMORANDUM OPINION

Plaintiff EPF Growth Fund filed this breach of contract case against the Defendants for failure to abide by a loan agreement. After counsel failed to appear on behalf of three of the Defendants, Goshen+Cornerstone, LLC, Goshen Construction Group, LLC, and Miles Alexander Raynore, III (the "Defaulting Defendants"), and after the Clerk of Court entered default against them, Plaintiff moved for default judgment. ECF No. 28. The three Defaulting Defendants have not responded to the motion for default judgment or otherwise participated in the case.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default and upon a plaintiff's motion, the court may enter a default judgment against the defendant. Fed. R. Civ. P. 55(b)(2). In considering a motion for default judgment, this Court accepts as true any well-pled factual allegations in the complaint regarding liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap.*

*Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). After a plaintiff establishes liability, "the court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* "While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum." *Id.* (citing *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010) (listing cases)).

Regarding liability, Plaintiff alleges that on August 4, 2026, it provided a $2,400,000 loan to Goshen+Cornerstone. ECF No. 1 ¶ 10. Goshen Construction Group, LLC, and Miles Alexander Raynore, III (as well as the other Defendants not in default), guaranteed the loan. *Id.* ¶ 12. Under the loan agreement, the parties were prohibited from transferring their interest in certain property without Plaintiff's consent. *Id.* ¶¶ 16, 18. In 2025, Plaintiff discovered that Raynore had transferred such an interest without prior authorization. *Id.* ¶ 17. As a result, on September 8, 2025, Plaintiff informed the Defendants that they were in default due to the transfer of interests. *Id.* ¶ 19. In the default notice, Plaintiff informed Defendants that it would withhold further advances of the loan and that Defendants were required to make future interest payments in full directly to Plaintiff. *Id.* ¶ 20. Defendants did not make the required interest payments. *Id.* ¶¶ 21, 24. Plaintiff filed this action for breach of contract on November 20, 2025, ECF No. 1, alleging that Defendants owed $2,036,214.80 in remaining principal, $27,715.15 in interest from July 1, 2026 through October 6, 2026 at a rate of 5%, and $15,045.34 in default interest from October 7, 2025 through November 14, 2025 at a rate of 7%, for a total of $2,078,975.29, *id.* ¶ 26. The defaulting Defendants did not

respond to the complaint and default was entered against them on April 7, 2026. ECF No. 16. Plaintiff then filed the present motion for default judgment on June 11, 2026. ECF No. 28. Accepting these well-pled allegations as true, Plaintiff has established liability.

Regarding damages, in addition to the amounts described above, Plaintiff seeks additional default interest at a rate of $395.93 per day (as of May 31, 2026, the default interest from October 7, 2026 forward amounted to $93,835.55) and legal fees of $32,230.80. ECF No. 28-2 at 2. Based on the attachments to the complaint and the motion for default judgment, Plaintiff has established the loan amount, the remaining principal, and the rates of interest. Plaintiff is therefore entitled to a judgment that includes those amounts.

But Plaintiff did not provide any evidence to support its attorneys' fees including any time sheets or affidavits describing its fees. As stated, "the court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Int'l Painters*, 919 F. Supp. 2d at 684 (quoting *Lawbaugh*, 359 F. Supp. 2d at 421). Plaintiff has failed to meet its burden of establishing its fees by, for example, providing a loadstar calculation, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), or discussing any of the twelve factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009)).

As a result, the Court will grant in part and deny in part Plaintiff's motion for default judgment. The motion will be granted in that the Court will award Plaintiff a judgment against the Defaulting Defendants in the following amounts:

*Loan principal*                                                          $2,036,214.80

*Interest from July l, 2025 through October 6, 2025 at 5%*          $27,715.15

*Default interest from October 7, 2025 through May 31, 2026 at 7%* $93,835.55

**Total**                                               **$2,157,765.50.**

Interest will continue to accrue at the default rate of $395.93 per day.

The motion will be denied in part in that the Court will not award Plaintiff legal fees in the amount of $32,230.80 as Plaintiff has failed to establish that it is entitled to them.

A separate order follows.


Date:  July 9, 2026                                      _____/s/_____
                                                        Adam B. Abelson
                                                        United States District Judge